UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORESTES ALBERTO B. V., | No. 1:26-cv-04914-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION IN PART |
| v. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |

Before the Court is Petitioner Orestes Alberto B. V.'s [1] ("Petitioner") petition for writ of habeas corpus and motion for temporary restraining order. ECF Nos. 1, 2. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondents contend Petitioner is subject to a mandatory detention under 8 U.S.C. § 1225(b)

[1] The Court uses Petitioner's first name and last initial to protect sensitive personal information.

ORDER GRANTING HABEAS PETITION ~ 1

and requests the petition be denied. ECF No. 8. Petitioner submitted a reply and argues § 1226(c) does not apply. For the reasons set forth below, Petitioner's petition for habeas corpus is granted in part and the Court finds Petitioner is entitled to a bond hearing.

## BACKGROUND

Petitioner is a 55-year-old citizen of Cuba who entered the United States near San Luis, Arizona on April 16, 2022, accompanied by his wife and son. ECF No. 6-1 at 2. He was encountered by a Border Patrol Agent and after inspection, was issued a Notice to Appear on April 18, 2022 and was released. ECF No. 6-1 at 3. In January 2025, he was issued an Interim Notice Authorizing Parole. ECF No. 1 at 4. In February 2025, the Houston Immigration Court terminated the removal proceedings to allow Petitioner to pursue adjustment of status under the USCIS. *Id.*; ECF No. 6-4.

On August 27, 2025, Petitioner was arrested in Collier County, Florida, for a DUI charge. ECF No. 6-2 at 2. He was held at the Collier County Jail in Naples, Florida. An immigration detainer was issued by ICE on the same date. *Id.* ON January 21, 2026, Petitioner plead "no contest" and was adjudicated guilty of DUI-1st Offense and was sentenced to a 180-day term of imprisonment. ECF Nos. 1 at 4-5; 6-6 at 9, 11. On January 27, 2026, Petitioner was transferred to ICE custody. ECF No. 1 at 5.

ORDER GRANTING HABEAS PETITION IN PART ~ 2

Petitioner was originally held at the Florida Soft Side South facility in the Middle District of Florida. *Id.* Petitioner filed a previous habeas petition in the Middle District of Florida which was denied on March 9, 2026. *Id*; ECF No. 1 at 41-46.

After he was transferred to California City Immigration Processing Center in April, Petitioner was denied a custody redetermination hearing by an Immigration Judge on May 20, 2026. ECF No. 1 at 1-2. The Immigration Judge found it did not have jurisdiction to consider or grant bond in this case because Petitioner is an "applicant for admission" subject to mandatory detention. ECF No. 1 at 115. As a result, Petition has not had an individualized hearing by an immigration judge to determine if his continued detention is necessary or whether bond is available.

On May 15, 2026, Petitioner filed a pro se application for a temporary restraining order and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 3. He seeks immediate release or, alternatively, an individualized bond hearing. Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A). Given the issues, counsel was appointed to represent Petitioner and filed a reply.

LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S.

ORDER GRANTING HABEAS PETITION ~ 3

507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

ANALYSIS

Respondents contend that Petitioner is subject to mandatory pre-order detention because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2). ECF No. 9. Respondents contend the sole source of due process for arriving aliens is the INA. *Id.* at 2. Petitioner cites recent Ninth Circuit authority indicating "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Accordingly, under § 1226(a), Petitioner contends he should be released or, at minimum, receive a bond hearing, and he urges this Court to conduct such hearing. ECF No. 9.

This Court has previously joined countless other courts in concluding

ORDER GRANTING HABEAS PETITION ~ 4

Respondents' argument that § 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Furthermore, in *Rodriguez Vasquez*, the Ninth Circuit confirmed this interpretation and held that the mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. 2026 WL 2196424 at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Accordingly, Petitioner was entitled to the procedural protections of § 1226(a) which he has thus far been denied.

Respondents' only specific argument is that "(1) Petitioner had an encounter

ORDER GRANTING HABEAS PETITION ~ 5

with law enforcement; and (2) had a period of release terminated because of that law enforcement encounter." ECF No. 6 at 4.  Respondents rely solely on the § 1225(b) argument which, as set forth above, is insufficient.

Petitioner asserts his personal characteristics, employment, and family and personal ties justify release, and attached a number of supporting statements to his petition. *See* ECF No. 1. However, given his DUI history, the Court concludes a bond hearing is the proper remedy.

Petitioner requests that a bond hearing be conducted by this Court rather than an immigration judge. He has cited no authority permitting such a hearing, and this Court is unable to conclude that Petitioner cannot receive a fair hearing before an immigration judge, so that portion of the request is denied. The Court therefore orders a bond hearing as set forth below.

**Accordingly, IT IS ORDERED:**

1.    The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED in part.**

2.    The motion for temporary restraining order, **ECF No. 2**, is **DENIED as moot.**

3.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner (A# 220849946) with an individualized bond hearing before an immigration judge that complies

ORDER GRANTING HABEAS PETITION ~ 6

with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4. **Within 3 days** from the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this order and stating the outcome of the bond hearing.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, issue judgment in favor of Petitioner, and CLOSE the file.

**DATED** August 11, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 7